UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TROY A. GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01407-JRO-TAB |
| | ) | |
| KENNEDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Troy Gaines is a prisoner currently incarcerated at New Castle Correctional Facility ("NCCF"). He alleges in this case that his mail has not been sent or has been withheld from him. Because the plaintiff is a "prisoner," this Court screened the complaint[1] as required by 28 U.S.C. § 1915A(a), (c) and dismissed it for failure to state a claim upon which relief can be granted. Dkt. 9. The Court gave Gaines the opportunity to file an amended complaint, and he has done so. The amended complaint, dkt. [10], is now subject to the screening requirement.

**I.**

**REQUEST FOR COUNSEL**

But first, we address his motion for counsel, which Gaines incorporated into his amended complaint. Litigants in federal civil cases do not have a

---

[1] Gaines filed a second complaint in this action before the Court issued its screening order. Dkt. 5. That filing was treated as the operative complaint. Therefore, the amended complaint, dkt. 10, is identified as the amended complaint.

constitutional or statutory right to court-appointed counsel.  *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018).  Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel.  *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989).  As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case.  *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  These two questions "must guide" the Court's determination whether to attempt to recruit counsel.  *Id.*  These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.  *See Pruitt*, 503 F.3d at 655–56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry."  *Eagan*, 987 F.3d at

682. Plaintiff has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). His request for counsel can be denied for this reason.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655).

3

Gaines does not provide any specific information regarding his ability to litigate this case. Further, "the merit of a plaintiff's claim is another factor a district court may consider while making an individualized determination whether to recruit counsel based on the plaintiff and the claim in front of it." *Watts*, 42 F.4th at 766. Specifically, the Court may consider all "'available information and the judge's experience to assess the importance and potential merits of the case and to assign priority accordingly.'" *Id.* at 763 (quoting *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020)). This factor reflects that the decision to recruit counsel remains a practical one because "the decision whether to recruit a lawyer for a particular plaintiff is made against the twofold backdrop of a high volume of indigent, pro se litigants (particularly incarcerated litigants) and a small pool, by comparison, of attorneys willing and able to take those cases on pro bono." *Id.* In these circumstances, the Court declines to attempt to recruit counsel for Plaintiff.

## II.

### SCREENING OF THE AMENDED COMPLAINT

**A.   Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## B.    The Amended Complaint

Gaines names the following defendants in the amended complaint: UTM Stone, CM Williams, Bishop, Boyd, Kennedy, Foust, Musik, Collins, and Gruell. The Court accepts Gaines's factual allegations, summarized here, as true at the pleading stage. *See Iqbal*, 556 U.S. at 678 ("[W]e must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly*, 550 U.S. at 555)).

In December of 2024, when Gaines had his annual review, he inquired about the fingerprint card and mugshots in his administrative packet because "there once was a fingerprint card in [my] packet that was black blotches with no legible fingerprints . . . ." Dkt. 10 at 2. He told Mrs. Williams and Mrs. Stone that he had never been arrested for any charges of sexual misconduct with a

5

minor as they claimed.[2]  He kept trying to get copies of that fingerprint card but has not been able to obtain it.  Because he could not get help at New Castle Correctional Facility, he wrote to the Indiana State Police Headquarters to ask for his arrest records and background check.  Then, on January 8, 2025, Stone approached Gaines with the mail that he sent to the Indiana State Police and questioned him about it.  Gaines told her it wasn't any of her business because it was legal mail.

In July of 2025, Gaines was asked to see Stone and show her his wheelchair pass.  She then took out a letter that he had mailed to the Executive Director of Classification.  Stone told Gaines that she told her staff not to take his mail and that his mail has to go to the law library to be mailed out.  Gaines contends this violates IDOC policy, which provides that if he labels mail "legal mail" or "privileged mail," officers should inspect it and seal it.

Stone and Bevens said that Gaines tried to slap Bevens.  Gaines speculates that this is because he told her that he was tired of staff messing with his mail.  Gaines received a conduct report.

Gaines again wrote to the Indiana State Police and still did not receive a response.  He asserts he has "no idea who is taking them but [is] sure Mrs. Stone has something to do with it."  Dkt. 10 at 6.  He "named the other defendants as they are working in the mailroom and have knowledge of what goes in the

---

[2] The Court takes judicial notice that in *State v. Gaines*, No. 13C01-1712-F5-000023, Gaines was convicted of four counts of sexual misconduct with a minor on May 29, 2018, and was sentenced on June 13, 2018.  *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

mailroom . . . ."  *Id.* He also states that Foust, Musik, and Boyd are "doing incomplete state forms."  *Id.* at 7.

Gaines alleges that the defendants have violated his right to access the courts.  For relief, he asks for reimbursement for his postage and time and an order that mailroom staff not impede his mail.

**C.    Dismissal of Amended Complaint**

Applying the screening standard to the facts alleged in the amended complaint, the amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, as in the original complaint, the amended complaint does not contain sufficient allegations that any of the named defendants were involved in the alleged denial of his mail.  "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).  "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct."  *Id.*  For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it."  *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Gaines alleges that has "no idea who is taking" his mail but is "sure Mrs. Stone has something to do with it."  Dkt. 10 at 6.  He also alleges that, on two occasions, Stone confronted him with his mail and that he never received a response to that mail.

But these allegations are not enough to raise an inference against Stone that is plausible.  He therefore has not stated a claim against her.

Further, Gaines states that he "named the other defendants as they are working in the mailroom and have knowledge of what goes in the mailroom" and that Foust, Musik, and Boyd are "doing incomplete state forms."  *Id.* at 7. These allegations also are too vague to allow an inference that these defendants plausibly interfered with his mail.

Even if Gaines had sufficiently alleged that any individual defendant is personally responsible for interfering with his mail, he still would not state an access-to-the-courts claim.  "Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance."  *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). But, to state a plausible access-to-courts claim, plaintiffs "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim."  *Id.* at 661*; see also Delgado v. Hughes*, No. 24-1407, 2024 WL 3812287, at *1 (7th Cir. Aug. 14, 2024) (affirming dismissal of access-to-courts claim where the plaintiff did not allege that he suffered an injury because "to state a claim, [plaintiff] must allege an actual injury, such as that prison officials' interference with his legal mail hindered his pursuit of a legal matter").  Gaines asserts no allegations to support a conclusion that he has been impeded in pursuing non-frivolous legal claims.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the amended complaint is subject to dismissal.

8

## III.

## CONCLUSION

Gaines's amended complaint does not cure the deficiencies identified in the original complaint. This case is now **DISMISSED** for failure to state a claim upon which relief can be granted.

Also, because this case is being dismissed for failure to state a claim, Gaines is warned that it may constitute a "strike" under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis* after having three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Hill v. Madison Cnty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) ("It makes good sense for a judge who believes a dismissal to come within the scope of § 1915(g) to include notice to that effect," even though later courts must make the conclusive determination of whether each prior dismissal meets the statutory definition).

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/2/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

9

Distribution:

TROY A. GAINES
101933
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362